LUCILLE WIGGINS SEIBOLD v. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION (MUTUAL OF OMAHA)

No. 708SC275

(Filed 27 May 1970)

Insurance § 44— action on disability policy — back injuries — total loss of time — sufficiency of evidence

In an action to recover benefits under a disability policy, plaintiff's evidence *held* sufficient to support a jury finding that the objective and subjective complaints of the plaintiff resulted from back injuries sustained in a fall and the treatment therefor, and that these complaints led to the total loss of time by the plaintiff from any occupation.

APPEAL by defendant from *Hubbard, J.*, October 1969 Session, LENOIR Superior Court.

This action was instituted by summons issued 9 September 1966 to recover benefits allegedly due the plaintiff under a disability insurance policy issued by the defendant. Defendant admitted issuance of the policy and that it was in full force and effect when this action was instituted but denied that any benefits were due thereunder.

Plaintiff offered testimony tending to show that in May 1962 she sustained an accident when she started out of the library in Kinston, North Carolina, and was descending the front steps. She reached the second step and, at that point, caught her heel in a crevice, turned a somersault and landed on her back on the brick walk in front. She was hospitalized for five days before returning to her work which consisted of running a restaurant and a boarding house. After undertaking her work duties for a day, she suffered so much pain that she sought additional medical help. She was examined by an orthopedic specialist in Raleigh and thereafter was placed in cervical traction in the Craven County Hospital in New Bern for several months. Thereafter, she was examined by a neurosurgeon in Raleigh and placed in Rex Hospital for two weeks. An unsuccessful myelogram was attempted in Raleigh for the purpose of diagnosing her difficulty.

The plaintiff continued to consult various doctors and in February 1963 consulted a neurosurgeon in Washington, D. C. at the Georgetown University Hospital. At this time a successful myelogram was performed, and it was determined that the plaintiff was suffering from arachnoiditis as well as a ruptured disc at the L-4 and L-5 veretbræ. On 25 March 1963 plaintiff underwent a hemilaminectomy for the removal of a ruptured intervertebral disc. Thereafter, the plaintiff continued to suffer pain which disabled her from performing any of her ordinary duties. She took various drugs in order to control her pain. In December 1965 plaintiff underwent a spinal fusion. Plaintiff has remained under medical treatment and has spent some 90% — 95% of her time in bed.

At the conclusion of all of the evidence, the trial court submitted issues to the jury which are set out in the following judgment which was entered:

## "JUDGMENT

THIS CAUSE COMING ON TO BE HEARD AND BEING HEARD before his Honor Howard H. Hubbard, Judge Presiding, and a Jury at the October 14, 1969 Term of the Superior Court of Lenoir Court; and the Jury having answered the Issues submitted to them as follows:

1. Did Mrs. Lucille Wiggins Seibold suffer a total loss of time as defined in the policy as a result of her injuries of May 11, 1962 so as to prevent her from engaging in any gainful work or service for which she was reasonably fitted by education, training or experience from and after June 14, 1965?

ANSWER: Yes.

2. If so, during what period or periods of time since June 14, 1965 has she sustained total loss of time?

ANSWER: June 14, 1965 to October 17, 1969

And it having been stipulated by counsel for plaintiff and counsel for the defendant that the Second Issue should be submitted to the Jury in a manner so that the same could be answered in a period of time rather than a sum of money and that the Court would . . . based upon the Answer made by the Jury to said Issue . . . compute the monetary sum to the plaintiff under her health-and-accident policy.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the plaintiff have and recover of the defendant the sum of Ten Thousand Two Hundred Nineteen Dollars and Seventy-Three Cents ($10,219.73) . . . being fifty-two months, three days — less thirty days' elimination period — at the rate of Two Hundred Dollars ($200.00) per month . . . together with interest at the rate of six percent per annum to October 17, 1969 in the sum of One Thousand Three Hundred Thirty Dollars and Eleven Cents ($1,330.11) by reason of her contract of health-and-accident insurance with the defendant, together with the costs of this action which shall be taxed by the Court.

It has been agreed by and between the parties hereto that this Judgment may be signed out of Term and out of the County.

This 28 day of October, 1969.

s/  HOWARD H. HUBBARD
Judge Presiding"

Defendant appeals to this Court, assigning error in disallowance of the motion of nonsuit.

*Turner and Harrison by Fred W. Harrison for plaintiff appellee.*

*Whitaker, Jeffress & Morris by A. H. Jeffress for defendant appellant.*

CAMPBELL, J.

The appellant's brief recites that the question involved here is, "Does the record contain evidence legally sufficient to support the

verdict and judgment that plaintiff suffered a total loss of time due to disability caused by the injuries she sustained in May 1962?" It is further stated: "As all the assignments of error deal with the sole question involved in this appeal, and present one question of law for decision by the Court, all the assignments of error will be argued together." This broadside reference to the errors assigned by counsel does not conform with Rule 28 of the Rules of Practice of this Court. A motion was made to amend the brief in order to conform with Rule 28. Whether this motion is allowed or not, this record presents only the single question as to whether there was sufficient evidence to withstand defendant's motion of nonsuit and to require the case to be submitted to the jury.

We hold that there was sufficient evidence in the record, taken in the light most favorable to the plaintiff, [*Aaser v. Charlotte*, 265 N.C. 494, 144 S.E. 2d 610 (1965)], from which a jury could find that the objective and subjective complaints of the plaintiff resulted from the injuries sustained in the fall and the treatment therefor, and that these complaints have lead to the total loss of time by the plaintiff from any occupation.

While the defendant offered testimony from Dr. Pfeiffer that "[i]t is my opinion that the fall did not have anything to do with the subsequent arachnoiditis," the testimony of the plaintiff, together with the other medical testimony, raised a question for the jury. The medical testimony meets the test laid down in *Lockwood v. McCaskill*, 262 N.C. 663, 138 S.E. 2d 541 (1964).

All assignments of error to the charge of the trial judge have been abandoned under Rule 28 (*supra*). The factual situation was presented to the jury by the trial judge in a fair and impartial charge unexcepted to. In law we find

No error.

PARKER and VAUGHN, JJ., concur.